# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THE STATE OF MISSOURI, ex rel. ANDREW BAILEY, in his official capacity as Missouri Attorney General, )<br><br>Plaintiff, )<br>v. )<br>)<br>THE UNITED STATES DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. ) | Case No. _____ |

## Complaint for Declaratory and Injunctive Relief

1. Andrew Bailey, in his official capacity as Missouri Attorney General, representing Plaintiff, the State of Missouri, brings this action against Defendant, the United States Department of Justice ("the DOJ"). Plaintiff sues under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive and other appropriate relief to compel the disclosure and release of agency records that the DOJ has improperly withheld from Missouri.

### Nature of the Action

2. Missourians have a right to know the facts behind any apparent efforts of government officials to interfere with the 2024 Presidential election. To vindicate that right, the Missouri Attorney General's Office filed a lawful request for public records under the Freedom of Information Act, but the DOJ

1

has refused to comply. The State of Missouri now seeks declaratory and injunctive relief compelling the DOJ for to provide documents that could shed light on politically motivated lawfare against one major political candidate, Donald J. Trump, the forty-fifth President of the United States and Republican nominee for the 2024 presidential election.

3. Many Missourians are concerned that recent legal actions the DOJ has taken against Mr. Trump show a concerning trend of selective and politically motivated prosecutions. These actions directly diminish the ability of Missouri's citizens to participate fully in the upcoming federal election. The extensive legal scrutiny and prosecution of Mr. Trump reflect a broader pattern of partisan misuse of judicial processes to silence and discredit a prominent political figure.

4. Despite initial hesitance within the FBI and DOJ to pursue charges, leaks indicating President Biden's personal interest in Mr. Trump's prosecution[1] preceded a sudden resurgence of investigations, including the contentious use of 18 U.S.C. § 1512(c) in what many legal experts argue is an

---

[1] Daniel Chaitin, Jerry Dunleavy, *Biden wish for Trump prosecution leaked as Democrats mount pressure campaign on DOJ,* Washington Examiner, April 2, 2022, https://www.washingtonexaminer.com/news/329943/biden-wish-for-trump-prosecution-leaked-as-democrats-mount-pressure-campaign-on-doj/; Katie Brenner et al., *Garland Faces Growing Pressure as Jan. 6 Investigation Widens,* N.Y. Times, April 2, 2022, https://www.nytimes.com/2022/04/02/us/politics/merrick-garland-biden-trump.html.

unprecedented application.² This shift in the DOJ focus coincided with aggressive pursuits by New York state authorities targeting Mr. Trump and his businesses, raising serious questions about the impartiality and fairness of these legal maneuvers. The prolonged trials and investigations, stemming from novel theories and applications of law— and interfering with Mr. Trump's ability to campaign across the country during the presidential election season—underscore concerns about the abuse of legal mechanisms by the DOJ for political ends.

5. In the eyes of many Missourians, these legal proceedings are a targeted attack on a political opponent of the current President of the United States by his subordinates in the DOJ, and they represent a dangerous precedent that threatens the fundamental principles of due process and equal treatment under the law. These actions are emblematic of a double standard in the administration of justice, where powerful political interests influence prosecutorial decisions to achieve specific outcomes, undermining public trust in the integrity of the justice system. This misuse of federal authorities directly impacts millions of Missourians who plan to participate in the upcoming presidential election.

---

² *See generally, Fischer v. United States,* 144 S. Ct. 2176 (2024); *See e.g.,* Richard A. Epstein, *Trump and the "Corrupt Obstruction" Charge,* Hoover Institution, March 4, 2024, https://www.hoover.org/research/trump-and-corrupt-obstruction-charge.

6. Furthermore, by withholding crucial information, the DOJ has frustrated the ability of citizens to exercise the rights Congress outlined in the FOIA statute. This refusal to comply with lawful FOIA demands has hindered efforts to assess the fairness and legality of the DOJ's actions, reinforcing concerns about transparency and accountability within the department. By denying access to these documents, the DOJ has effectively obstructed attempts by the public to scrutinize the motivations behind its decisions, including the timing and basis for initiating legal proceedings against Mr. Trump.

7. By raising this matter in federal court, the Attorney General seeks to hold the DOJ accountable and to safeguard the important principle of government transparency. The citizens of the State of Missouri have a right to know the full extent of the DOJ's actions involving the alleged targeting of a major political candidate. This legal challenge aims to enforce these rights under the FOIA. At a time when citizens are rightly skeptical of many of the actions of their own government, it is crucial to restore public confidence. Sunlight is the best antiseptic and in this instance, there is truly no substitute.

## Jurisdiction and Venue

8. This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue

lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

9. Andrew Bailey, the Attorney General of Missouri, brings this action on behalf of Plaintiff, the State of Missouri.

10. Defendant, the DOJ, is a cabinet-level agency of the United States of America with its principal place of business located at 441 G St, NW, 6th Floor Washington, DC 20530-0001 and is a federal agency within the meaning of 5 U.S.C. § 552(f).

## Statutory Framework

11. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

12. An agency must respond to a party making a FOIA request within twenty (20) working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

13. An agency may extend the 20-day limit by notifying the requestor in writing of "unusual circumstances" necessitating an extension and the date on which a determination of the request is expected. 5 U.S.C. § 552(a)(6)(B)(i).

14. An agency's failure to comply with any timing requirements is a

constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

15. This Court has jurisdiction to hear a complaint to "… enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

16. The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A).

17. FOIA states:

> (C) In responding under this paragraph to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system.
>
> (D) For purposes of this paragraph, the term 'search' means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request. 5 U.S.C. § 552(a)(3).

## Facts

18. On May 9, 2024, Plaintiff submitted a FOIA request to the DOJ using the FOIA.gov portal and by emailing the request to two email addresses: DOJ.OIP.FOIA@usdoj.gov and National.FOIAPortal@usdoj.gov.

19. Plaintiff requested the following materials:

   1. All communications and documents relating to the move of former DOJ prosecutor Matthew Colangelo to the Manhattan District Attorney's Office. (This search may be limited in time from January 20, 2021, to the present).

   2. All communications and documents between the Department of Justice and the Manhattan District Attorney's Office, Alvin Bragg, or Matthew Colangelo relating to the prosecution of former President Donald Trump. (This search may be limited in time from January 20, 2021, to the present).

   3. All communications and documents between the Department of Justice and the New York Attorney General's Office or New York Attorney General Letitia James relating to the prosecution of former President Donald Trump. (This search may be limited in time from January 20, 2021, to the present).

   4. All communications and documents between the Department of Justice and the Fulton County District Attorney's Office or Fulton County District Attorney Fani Willis relating to the prosecution of former President Donald Trump. (This search may be limited in time from January 20, 2021, to the present).

   5. All communications and documents between the Department of Justice and Jack Smith relating to the prosecution of former President Donald Trump. (This search may be limited in time from January 20, 2021 to the present).

20. On May 9, 2024, through the FOIA.gov portal, the DOJ notified Plaintiff that the FOIA request had been submitted successfully and assigned the Submission ID: 1195261.

21. On May 9, 2024, at 10:21 a.m. Plaintiff received an automatic reply from National.FOIAPortal@usdoj.gov. The reply did not acknowledge Plaintiffs FOIA request, but stated that the address was not a valid place to submit a FOIA request. A true and correct copy of that email is attached as **Exhibit A**.

22. Later that morning, at 11:47 a.m., the DOJ sent a second email acknowledging receipt of Plaintiff's FOIA request, and again stated that National.FOIAPortal@usdoj.gov was not a valid place to submit a FOIA request. A true and correct copy of this email is attached as **Exhibit B**.

23. On May 13, 2024, a DOJ employee, Douglas Hibbard, emailed Plaintiff's counsel and attached a letter about Plaintiff's FOIA request. According to Mr. Hibbard's letter, he realized that Plaintiff had submitted the same request through the FOIA.gov portal and by email. Prior to that realization, the DOJ had created two different reference numbers for the request. Mr. Hibbard closed one of the reference numbers assigned to the request. Mr. Hibbard indicated that all future correspondence on this matter must refer to the reference number FOIA-2024-01893. A true and correct copy of Mr. Hibbard's email is attached as **Exhibit C**.

24. Mr. Hibbard's letter did not substantively respond to Plaintiff's FOIA request. Instead, it only closed a duplicate DOJ tracking number, FOIA-2024-01906.

25. Through the date of this pleading, which is filed more than twenty (20) business days after the DOJ received and acknowledged Plaintiff's FOIA request, the DOJ has not substantively responded to the request.

**Count I:   Defendant Violated the FOIA by Failing to Comply with Statutory Deadlines.**

26. Paragraphs 1 through 25 are hereby incorporated by reference as if set forth fully here.

27. Plaintiff requested records within the DOJ's control.

28. The DOJ's failure to timely respond to Plaintiffs request violates the statutory deadline imposed by the FOIA statute, including the deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

29. The DOJ has not provided any notice, citing "unusual circumstances" in delaying its response to pursuant to 5 U.S.C. § 552(a)(6)(B)(i).

30. The DOJ has failed to produce any records responsive to the request or to demonstrate that responsive records are exempt from production. Further, the DOJ has failed to indicate whether it intends to produce any responsive records or when such records will be produced. 5 U.S.C. § 552(a)(3)(A).

31. The DOJ has wrongly failed to respond to the FOIA request within the time period provided by statute and has thus improperly withheld the

9

requested agency records.

32. The DOJ's failure to notify Plaintiff of its right to seek an administrative appeal of the DOJ's decision or dispute resolution services violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

33. Plaintiff has constructively exhausted the applicable administrative remedies under the FOIA because the DOJ has failed to meet these statutory requirements.

34. The DOJ has wrongfully withheld agency records. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## **Request for Relief**

WHEREFORE, Plaintiff requests the following relief:

(a) a declaration that the DOJ has violated the FOIA by failing to lawfully satisfy Plaintiff's FOIA Request of May 10, 2024.

(b) an order that the DOJ produce all responsive agency records within ten (10) business days of the court's Order in this matter; and

(c) such other relief as deemed just and proper by the court.

Respectfully submitted,

**ANDREW BAILEY**
MISSOURI ATTORNEY GENERAL

*/s/ Andrew J. Crane*
Andrew J. Crane, #68017
   *Deputy Chief Counsel for*
   *Government Affairs*

*/s/ Matthew J. Tkachuk*
Matthew J. Tkachuk, #74874
   *Assistant Attorney General*
MISSOURI ATTORNEY GENERAL'S OFFICE
P.O. Box 899
Jefferson City, MO 65102
Tel: (573) 751-8366
Fax: (573) 751-0774
Andrew.Crane@ago.mo.gov
Matthew.Tkachuk@ago.mo.gov

*Counsel for Plaintiff*

11